IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CV-160-BO

LIZZA BOWENS GARDNER,            )
                                 )
            Plaintiff,           )
                                 )
      v.                         )          **O R D E R**
                                 )
CAROLYN COLVIN,                  )
Acting Commissioner of Social Security,  )
                                 )
            Defendant.           )

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 18, 22]. A hearing was held in Edenton, North Carolina on September 9, 2015. For the reasons detailed below, this matter is REMANDED for further consideration by the Commissioner.

## BACKGROUND

Plaintiff protectively filed an application for supplemental security income on May 12, 2011, alleging an onset date of March 15, 2010. [Tr. 43]. Her claim was denied initially and upon reconsideration. A video hearing was held before an Administrative Law Judge (ALJ) on January 14, 2013. [Tr. 23]. The ALJ issued an unfavorable decision for plaintiff. [Tr. 20]. The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner on June 19, 2014. [Tr. 1]. Ms. Gardner then timely sought review in this Court.

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there

is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

To find a claimant disabled, an ALJ must conclude that the claimant satisfies each of five steps. 20 C.F.R. § 404.1520(a)(4). First, a claimant must not be able to work in a substantial gainful activity. *Id.* Second, a claimant must have a severe physical or mental impairment or combination of impairments. *Id.* Third, a claimant's impairment(s) must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, a claimant must not have the residual functional capacity to meet the demands of claimant's past relevant work. *Id.* Finally, the claimant must not be able to do any other work, given the claimant's residual functional capacity, age, education, and work experience. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ found that plaintiff has not engaged in substantial gainful employment since May 12, 2011. [Tr. 25]. Next, the ALJ determined that plaintiff's obesity, degenerative disc disease, and hypertension were severe impairments. *Id.* However, none of plaintiff's impairments or combination of impairments met or equaled a listing. *Id.* At step four, the ALJ found that plaintiff was capable of performing less than the full range of light work. Plaintiff can only occasionally perform postural activities such as climbing, balancing, stooping, kneeling, crouching, and crawling. [Tr. 26]. Finally, though plaintiff was determined unable to perform

2

any past relevant work, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that claimant can perform. [Tr. 30]. A vocational expert testified that these jobs would include employment as a ticket-taker, photo copy machine operator, and marker. [Tr. 31]. Accordingly, the ALJ found that plaintiff was not disabled since May 12, 2011. [Tr. 31]. Plaintiff now seeks review of the ALJ's determination that she is not disabled.

Plaintiff alleges that the ALJ erred in assessing plaintiff's credibility by failing to give adequate weight to her complaints of pain, mischaracterizing her reasons for not seeking more aggressive treatment options, and omitting consideration of Dr. Melvin's assessment of plaintiff, including her credibility. When analyzing a claimant's credibility, an ALJ must consider the objective medical signs, diagnoses and prognoses given by medical providers, how well their testimony lines up with their statements in the record, and the strength of the work history prior to alleging disability. *See* SSR 96–7p. If a plaintiff meets her threshold obligation of providing objective medical evidence of a condition reasonably likely to cause the claimed pain, she is entitled to "rely exclusively on subjective evidence" to demonstrate that her pain is "so continuous and/or so severe that it prevents [her] from working a full eight hour day." *Hines v. Barnhart*, 453 F.3d 559, 564 (4th Cir. 2006).

It is clear that plaintiff has a medical condition reasonably likely to cause the pain she claims to experience. An MRI from October 2011 showed "L4-L5 left paracentral and foraminal protrusion with left lateral from stenosis and contact with the left L4 nerve root, and mild central canal and left lateral recess stenosis," as well as suggestion of "left L4 radiculopathy." [Tr. 28]. The ALJ concluded "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms." [Tr. 27]. Dr. Pyle also concluded this. [Tr. 89].

3

The ALJ's decision, then, turned on plaintiff's credibility as to her complaints of pain. The ALJ's decision is internally inconsistent on this point. For example, in the credibility discussion, the ALJ states that "the evidence showed the claimant was not in distress during examinations," however two pages earlier in the report the ALJ cites Dr. Melvin's observation that "claimant ambulated...as if her legs and hips were uncomfortable, and she had difficulty getting on and off the table as well as taking off her shoes." [Tr. 29, 27]. The ALJ also cites Dr. Melvin's observation that plaintiff's gait was antalgic and plaintiff was unable to perform tandem walking and "could only be on heel to toe for a moment." [Tr. 27-28].

Next, the ALJ claims plaintiff's pain was "controlled" with Percocet." [Tr. 29]. Although the plaintiff did make this statement, her follow-up statements present a more complicated picture that the ALJ did not acknowledge in the credibility determination. [Tr. 29]. Plaintiff reported she had to take Percocet as frequently as every six hours to control the pain. [Tr. 28]. Plaintiff was also taking additional medication—both over the counter and prescription at times—along with the Percocet to attempt to control the pain. [Tr. 28–29].

The ALJ also cited plaintiff's statement denying "any decreased tolerance for her activities of daily living;" however, information cited elsewhere in the ALJ's report does not support this statement. [Tr. 29]. While plaintiff did make this statement to Dr. Melvin, her elaboration on the subject makes her initial characterization seem significantly understated. Plaintiff went on to explain that the pain prohibited her from getting in and out of the shower or tub, performing any housework or yardwork, lifting more than 10 pounds, and made it difficult to sit on a low commode. [Tr. 27]. The ALJ also included plaintiff's statements that she could only lift about a gallon of milk, usually rode the scooter when she grocery shopped, and was unable to participate in her child's school activities because of the pain. [Tr. 26–27]. Though

4

plaintiff did state that the pain did not affect her activities of daily living, other statements indicate that that statement minimized the actual effect on plaintiff's day-to-day-life. However, the ALJ only took the first statement into account. [Tr. 29].

Though the ALJ also considered plaintiff's conservative treatment as evidence that she was not credible, [Tr. 29], plaintiff attributes her lack of insurance or Medicaid as a reason for the conservative treatment. [Tr. 26, 63, 368]. The Fourth Circuit instructs that "[a] claimant may not be penalized for failing to seek treatment she cannot afford; '[i]t flies in the face of the patent purposes of the Social Security Act to deny benefits to someone because he is too poor to obtain medical treatment that my help him.'" *Lovejoy v. Heckler*, 790 F.2d 1114, 1117 (4th Cir. 1986) (quoting *Gordon v. Schweiker*, 725 F.2d 231, 237 (4th Cir. 1984)).

Additionally, when assessing the weight given by various doctors, the ALJ omitted Dr. Melvin. Dr. Melvin examined the plaintiff and made a number of observations of plaintiff's pain which are included elsewhere in the ALJ's report, but the ALJ did not include the weight given these observations. [Tr. 29]. Moreover, Dr. Melvin stated, of the plaintiff, "I felt that she was credible"—an observation which was given no weight in the ALJ's report. [Tr. 246].

Finally, in the credibility determination, the ALJ is properly to consider the plaintiff's "prior work record and efforts to work." SSR 96-7p. At onset, plaintiff was employed as a personal care assistant. [Tr. 243]. Even after the onset, plaintiff continued to work until she was unable to carry out the physical duties of the work. *Id.* In the hearing before the ALJ, plaintiff testified that if she could get assistance paying for pain treatment she would be able to go back to work, which is what she wanted to do. [Tr. 63–64]. None of this information is included in the ALJ's credibility determination. [Tr. 29].

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). It is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand is required when the ALJ fails to adequately explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)).

Here, the appropriate action is to remand the case to the Commissioner. *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011). ("assessing the probative value of competing evidence is quintessentially the role of the fact finder."). Upon remand, the Commissioner is to reexamine plaintiff's credibility in light of the aforementioned considerations, including plaintiff's full descriptions of her condition, her inability to pay for more aggressive treatment, and the observations made by Dr. Melvin. The Commissioner is also to take note of the fact that plaintiff was granted benefits in July 2014, according to information developed at the hearing.

6

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings [DE 18] is

GRANTED, defendant's motion for judgment on the pleadings [DE 22] is denied, and the matter

is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED, this _22_ day of September, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE